# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BRANDON GREER,

    Plaintiff,

v.

FUTURE MOTION, INC.

    Defendant.

Case No.: _____

**JURY DEMAND**

## COMPLAINT

**COMES NOW** Plaintiff, Brandon Greer, to sue the Defendant, Future Motion, Inc. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

1. Plaintiff, Brandon Greer is a Tennessee citizen, resident, and domiciliary.

2. Defendant, Future Motion, Inc. is a Delaware corporation with its principal place of business located in California.

3. Defendant, Future Motion, Inc. may be served with process on its registered agent: A Registered Agent, Inc. 8 The Green, STE A Dover, Delaware 19901.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is citizen of a state of which no Defendant is a citizen and the amount in controversy exceeds $75,000.

5. This Court is authorized to exercise personal jurisdiction over Defendant Future Motion, Inc. pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

1

a. Defendant Future Motion, Inc. transacts business in Tennessee and Plaintiff's claims for relief against Defendant Future Motion, Inc. arise out of its transaction of business in Tennessee.

b. Defendant Future Motion, Inc. contracts to supply services or things in Tennessee and Plaintiff's claims for relief against Defendant Future Motion, Inc. arise out of its supply of services or things in Tennessee.

c. Defendant Future Motion, Inc. caused tortious injury to Plaintiff through its acts or omissions in Tennessee.

d. Defendant Future Motion, Inc. caused tortious injury to Plaintiff in Tennessee through its acts or omissions outside Tennessee, and Defendant Future Motion, Inc. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Tennessee.

e. The fabricator in China of the Subject OneWheel is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process.

6. To the extent Defendant Future Motion, Inc. disclaims that it manufactured, fabricated, or produced the Subject OneWheel and its component parts, Plaintiff alleges that the manufacturer, fabricator, producer, or distributor of the Subject OneWheel or component part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as a basis for obtaining service of process.

7. To the extent Defendant Future Motion, Inc. disclaims that it manufactured, fabricated, or produced the Subject OneWheel and its component parts, Plaintiff allege that an entity in China fabricated the Subject OneWheel for Defendant Future Motion, Inc.. Prior to initiating this lawsuit, Plaintiff engaged a diligent inquiry search and determined an unknown and unidentified Chinese entity will not be subject service of process in Tennessee and the jurisdiction of this Court because of its lack of physical presence in Tennessee; has no marketing or advertising

in Tennessee; and/or has not otherwise purposefully availed itself of the privileges and protections of Tennessee.

8. The Court is additionally authorized to exercise personal jurisdiction over Defendant Future Motion, Inc. because Defendant Future Motion, Inc. enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant Future Motion, Inc. arise out of its contacts with Tennessee.

9. This Court's exercise of personal jurisdiction over Defendant Future Motion, Inc. comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein accrued in Nashville, Davidson County, Tennessee.

**FACTS**

11. Plaintiff brings this civil action to recover the severe, permanent, and life-altering injuries he suffered on October 14, 2021, when a OneWheel Pint Serial No. 2133292530 electric skateboard ("Subject OneWheel") stopped suddenly while he was using it as intended and in a manner reasonably foreseeable to the Defendant Future Motion, Inc.

12. Defendant Future Motion, Inc. designed, manufactured, marketed, distributed, and sold the Subject OneWheel.

13. Plaintiff's wife purchased the Subject OneWheel directly from Defendant's website.

14. On October 14, 2021, Plaintiff was operating the Subject OneWheel on Fitzpatrick Road in the Villages of Larchwood neighborhood in Nashville, Tennessee, on a flat paved road

when the Subject OneWheel stopped suddenly without warning and "nosedived," throwing Plaintiff forward onto the pavement.

15. Plaintiff was transported via ambulanced to Summit Medical Center in Hermitage, Tennessee where he was diagnosed with an acute closed displaced left hip fracture resulting from being thrown onto the pavement by the Subject OneWheel.

16. Plaintiff, Brandon Greer suffered severe injuries as a result of the defective and unreasonably dangerous Subject OneWheel.

17. Plaintiff, Brandon Greer's left hip fracture required surgical intervention which was completed the following day, October 15, 2021.

18. One of the OneWheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback," or physical resistance, when approaching the device's limits during use. This pushback feature is allegedly designed as a warning to riders to avoid a dangerous situation, like excessive speeds, low battery power, or overcharging.

19. Often, however, instead of pushback, the OneWheel will simply shut off and nosedive abruptly, resulting in the rider being catapulted off the device (the "Nose-Dive Defect").

20. The Nose-Dive Defect has needlessly led to severe injuries, including those of Plaintiff. It has caused multiple broken bones, road rashes, cuts, and bruises, all because of a design flaw that was easily fixable.

21. The Onewheel could have easily been designed to emit a warning signal (through a warning light, or auditory beep or tone) in the event of excessive speed, overcharging, or low battery.

22. Or it could have been designed to simply slow down in these situations. Instead, the Onewheel skateboards were designed to abruptly stop and/or nosedive, at considerable risk to

4

the rider.

23. The Subject OneWheel was designed, manufactured, assembled, produced, imported and distributed in a defective, unmerchantable, and unsuitable condition, by Defendant Future Motion, Inc., which caused Plaintiff injuries.

24. The Subject OneWheel's defective and unreasonably dangerous condition actually and proximately caused Plaintiff's injuries.

25. This incident and Plaintiff's injuries were caused by the Subject OneWheel's defective and unreasonably dangerous condition.

26. Specifically, the Subject OneWheel suffered from several design defects and was made using substandard and inferior-quality materials and processes.

27. Defendant Future Motion, Inc.'s "OneWheel" product is a self-balancing, battery-powered, one wheeled transportation device that is often described as an electric skateboard. The product was and is designed, developed, manufactured, produced, distributed, marketed, and sold by Defendant FM. Upon information and belief, FM developed and designed the subsystems that power the OneWheel, including motors, power electronics, battery modules, and smartphone applications ("apps").

28. Operation of Defendant Future Motion, Inc.'s OneWheel is controlled and/or monitored, in part, by an "app" installed on users' smartphones. The OneWheel app allows users to view their total miles, battery life, speed, and other information.

29. Defendant Future Motion, Inc. promotes itself as being "IN THE BUSINESS OF MAKING THE FUTURE RAD." (https://onewheel.com/pages/about-us). A promotional video on Defendant Future Motion, Inc.'s website states that the OneWheel was designed to make riders forget that "there are thousands of calculations happening per second to keep you perfect." The

same video depicts the OneWheel device being operated in concrete drainage basins, through standing water, on an open highway (with cars approaching), across dirt paths, on the beach, through wooded areas, across fallen logs, and on and off the sidewalk. OneWheel-sponsored videos show users riding both with and without helmets.

30. One of OneWheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback" when approaching the device's limits during use. Often, however, instead of pushback, which is allegedly designed as a warning to riders to avoid a dangerous situation, the OneWheel will simply shut off and **nosedive**, resulting in the rider being catapulted off the device. The harder the device works to maintain operations, the less the OneWheel is able to assist the rider in balancing.

31. Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors impact when and what will cause the OneWheel to shutdown and nosedive, including the rider's weight, tire pressure, wind direction, battery level, rider stance, and the grade of incline or decline. Thus, predicting exactly when a nosedive will occur or what will cause one is practically impossible.

32. Defendant Future Motion, Inc. "addressed" the problems of the motors' resources reaching a critical point by designing the board to suddenly and unexpectedly shut down to prevent battery damage, at the expense of rider safety. Instead of allowing the battery to overcharge, prior to regeneration-related damage to the battery, the OneWheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

33. Another common cause of nosedives is acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it and the nose will suddenly

6

drop. Yet, Defendant Future Motion, Inc. advertises its OneWheels' ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board and thereby overwhelms the motor. In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

34. Not only is it prohibitively difficult to determine when pushback may occur, but the result of such unexpected and undiscernible Nose-Dive Defect events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries, as occurred in this case.

35. A OneWheel nosedive or shut-off is not a mild event as it might be with any other type of vehicle. The front of the board violently slams into the ground and the rider is thrown forward.

## **CONDITIONS PRECEDENT**

36. All conditions precedent have been satisfied or excused.

## **COUNT I—STRICT LIABILITY**
**(Brandon Greer v. Future Motion, Inc.)**

37. Plaintiff Brandon Greer re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully stated herein.

38. Defendant Future Motion, Inc. is responsible for designing, manufacturing, assembling, producing, distributing, and selling the Subject OneWheel.

39. The Subject OneWheel was in a defective and unreasonably dangerous condition when it left Defendant Future Motion, Inc.'s final possession, custody, and control.

40. The Subject OneWheel is defective in its design, manufacture, and warning.

7

41. The Subject OneWheel failed to perform as safely as expected by Plaintiff Brandon Greer when used in the intended or reasonably foreseeable manner.

42. The Subject OneWheel defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff Brandon Greer.

43. Plaintiff Brandon Greer suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical and nursing care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff Brandon Greer demands judgment for this Count against Defendant Future Motion, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $750,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
**(Brandon Greer v. Future Motion, Inc.)**

44. Plaintiff Brandon Greer re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully stated herein.

45. Defendant Future Motion, Inc. is responsible for designing, manufacturing, assembling, producing, importing, distributing, and selling the Subject OneWheel.

46. The Subject OneWheel was in a defective and unreasonably dangerous condition when it left Defendant Future Motion, Inc.'s final possession, custody, and control.

47. Defendant Future Motion, Inc. owed a duty to properly design, manufacture, assemble, produce, import, distribute, and sell the Subject OneWheel and to ensure the Subject OneWheel was not in a defective and unreasonably dangerous condition when the Subject OneWheel left Defendant Future Motion, Inc.'s final possession, custody, and control.

48. Defendant Future Motion, Inc. owed a duty to provide adequate warnings, instructions, and information with the Subject OneWheel.

49. Defendant Future Motion, Inc. owed a duty to inspect, test, and assure the quality of the Subject OneWheel before the Subject OneWheel left Defendant Future Motion, Inc.'s final possession, custody, and control.

50. Defendant Future Motion, Inc. breached the above duties.

51. Defendant Future Motion, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff Brandon Greer.

52. Plaintiff Brandon Greer suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical and nursing care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff Brandon Greer demands judgment for this Count against Defendant Future Motion, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $750,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages,

non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

49. Plaintiff re-alleges and incorporate all preceding paragraphs as if fully stated herein.

50. Plaintiff Brandon Greer demands judgment against Defendant Future Motion, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $750,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

52. Plaintiff, Brandon Greer, demands a jury trial on all issues so triable.

Dated: October 12, 2022                     Respectfully submitted,

*/s/ Joshua D. Moore*
**JOSHUA D. MOORE, ESQ.**
Tennessee Bar No.: 26491
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
Orlando, FL 32802-4979
Telephone: (407)-420-1414
Primary email: joshmoore@forthepeople.com
Secondary email: csmaya@forthepeople.com
*Attorney for Plaintiff*